Sarah Campbell Blaffer v. Commissioner. Estate of R. L. Blaffer, Deceased, Sarah Campbell Blaffer, John Hepburn Blaffer, Jane Blaffer Owen and Cecil Amelia Blaffer, Executors v. Commissioner.
Blaffer v. Commissioner
Docket Nos. 110835, 110836.
United States Tax Court
1943 Tax Ct. Memo LEXIS 28; 2 T.C.M. (CCH) 1117; T.C.M. (RIA) 43513; December 15, 1943
*28 Walter E. Barton, Esq., Investment Bldg., Washington, D.C., for the petitioners. Samuel G. Winstead, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: These consolidated proceedings involve gift tax deficiencies for the year 1938 as follows: Sarah Campbell Blaffer
$8,615.51
Estate of R. L. Blaffer
8,615.51
The only contested issue is whether respondent erroneously computed net prior gifts in determining the gift tax liability of each of the petitioners on gifts made in 1938, under the Revenue Act of 1932, sections 502, 504 and 505, as amended. The cases were submitted on stipulated facts which we adopt as our findings of fact. We repeat here only so much as is necessary to our decision of the issues. [The Facts] Prior to and during the period involved, the petitioner, Sarah Campbell Blaffer, and R. L. Blaffer were husband and wife residing in Houston, Texas. Each filed separate gift tax returns for the year 1938 with the collector of internal revenue for the first district of Texas. R. L. Blaffer died on October 22, 1942, and his estate was duly substituted as petitioner herein. In the years 1933 to 1938, both inclusive, petitioner, Sarah Campbell *29 Blaffer, and decedent each made gifts in trust for the benefit of one or more of their children. In 1933, each made such gifts in a gross value of $14,500 from which each claimed one exclusion of $5,000 and a specific exemption deduction in the amount of $9,500. No gift tax was paid for that year, and no deficiency was determined against either donor. In 1934, petitioner, Sarah Campbell Blaffer, and decedent each made similar gifts of much larger amounts. The former, in her return, claimed five exclusions and the latter six exclusions of $5,000 each. The additional exclusion by decedent was based upon the fact that he had made one more such gift to a trust other than those to whom both had given. Each also deducted a specific exemption of $40,500. Respondent determined deficiencies against each but did not disallow any of the five exclusions claimed for 1934 by petitioner, Sarah Campbell Blaffer, nor five of the six exclusions claimed for decedent. He did so by, inter alia, (1) disallowing the additional exclusion claimed by decedent, on the ground that it was a gift to the beneficiary of a trust who was also the beneficiary of one of the trusts through which one of his other *30 gifts had been made and which based one of his other exclusions, and (2) disallowing the exclusion each had taken for 1933, charging the amount of such exclusion against the specific exemption of each and thus reducing the amount of the remaining specific exemption available to each donor for 1934 to the sum of $35,500. Each donor contested these deficiencies before the United States Board of Tax Appeals, Sarah Campbell Blaffer in a proceeding docketed at number 90945, and decedent, at Docket number 89317. At the hearing, in which these cases were consolidated, a stipulation was filed covering the respective assignments of error which, inter alia, contains the following pertinent paragraphs: * * * * *
II. During December, 1934, each of the petitioners made gifts as follows: To
Value of Gift
(a) R. L. Blaffer & Company, as
Trustee, for the use and benefit
of Joyce Campbell Blaffer, un-
der a trust instrument dated
December 28, 1934
$55,046.91
(b) R. L. Blaffer & Company, as
Trustee, for the use and benefit
of John Hepburn Blaffer, under
a trust instrument dated Decem-
ber 28, 1934
55,121.22
(c) R. L. Blaffer & Company, as
Trustee, for the use and benefit
of Sarah Jane Blaffer, under a
trust instrument dated Decem-
ber 28, 1934
54,826.22
(d) R. L. Blaffer & Company, as
Trustee, for the use and benefit
of Cecil Amelia Blaffer, under a
trust instrument dated Decem-
ber 28, 1934
55,053.03
The total value of gifts made
by each petitioner was
$220,047.38
*31 * * * * *
IV. In addition to the foregoing gifts, the petitioners, each made a gift in 1934 of the value of $14,812.50 to the Guardian Trust Company of Houston, Texas, as Trustee, for the use and benefit of Joyce Campbell Blaffer under a trust instrument dated December 27, 1933, * * *. V. The petitioners, each claimed an exclusion in his or her gift tax return for 1934 of $5,000.00 for each of said gifts, which are referred to in II and IV supra, or total exclusions of $25,000.00 each on account of said gifts. The respondent allowed petitioner R. L. Blaffer total exclusions of $20,000.00, and petitioner Sarah Campbell Blaffer total exclusions of $25,000.00 on account of said gifts. VI. During 1933, each of the petitioners made a gift of the value of $14,500.00 to the Guardian Trust Company of Houston, Texas, as Trustee, for the use and benefit of Joyce Campbell Blaffer, under a trust instrument dated December 27, 1933, * * *. Each of the petitioners claimed an exclusion of $5,000.00 and a specific exemption of $9,500.00 in his or her gift tax return for 1933. VII. In his or her gift tax return for 1934, each of the petitioners claimed a specific exemption of $40,500.00, *32 representing the unused portion of $50,000.00 specific exemption allowed by Section 505 (a) (1) of the Revenue Act of 1932. In the case of each petitioner for 1934, the respondent disallowed $5,000.00 of said specific exemption of $40,500.00 which each petitioner claimed; and respondent allowed a specific exemption to each of the petitioners of $35,500.00 for 1934. It is agreed that if each of the petitioners was entitled to an exclusion of $5,000.00 in 1933 on account of the gifts made by him or her during said year, which is referred to in VI supra, each petitioner is entitled to a specific exemption of $40,500.00 for the year 1934. If the respondent correctly disallowed said exclusion of $5,000.00 in the case of each petitioner for 1933, it is agreed that each of the petitioners is entitled to a specific exemption of $35,500.00 for the year 1934. VIII. On December 29, 1934, the petitioner, R. L. Blaffer, made an irrevocable assignment of all of his right, title and interest in and to certain life insurance policies on his own life to a life insurance trust dated December 29, 1934, * * *. The petitioners were married on April 22, 1909, and subsequent to said date, the premiums *33 on said policies were paid from the community property of the petitioners. The petitioner, R. L. Blaffer, reported one-half of the values of said policies in his gift tax return for 1934. * * * * *
XI. In his gift tax return for 1934, the petitioner, R. L. Blaffer, claimed an exclusion of $5,000.00 on account of gift made by him to said life insurance trust, which is referred to in VIII supra, the respondent allowed the said exclusion of $5,000.00. * * * * *
The opinion of the then United States Board of Tax Appeals in those proceedings, promulgated September 28, 1938 and reported in , [1] contains the following: In his brief the respondent states the questions presented as follows: Did the Commissioner properly determine that the petitioner, R. L. Blaffer, residing in Texas, should properly include in his taxable gifts the full value of certain insurance policies, rather than only one-half thereof as contended by petitioner? The first three issues of the petitions in both proceedings raised questions of value. There matters have been disposed of by the stipulations of the parties. Both petitions also raise the question of the extent *34 of the exemption to which the petitioners are entitled for the year 1934. The respondent concedes the correctness of the petitioners' contentions in this respect. The respondent also concedes the correctness of the contention of R. L. Blaffer as to the exclusions to which he is entitled for the year 1934. The stipulation and the concessions leave only the question presented above. In the recomputations under the order, effect was given to the respondent's concessions. In the year 1935 the petitioner, Sarah Campbell Blaffer, and the decedent each made similar and additional gifts in trust. Included therein were several gifts, the value of each of which did not exceed $5,000, and were therefore not reported. The total value of these latter gifts, 20-year gold debenture bonds of the Standard Oil Company of New Jersey, owned in community by petitioner, Sarah Campbell Blaffer, and decedent, was $12,000. Each donor took four exclusions of $5,000 each from the gifts reported, which respondent allowed. He determined deficiencies, however, against each donor. In so doing, he *35 did not include the unreported gifts. The deficiency against decedent rested wholly upon a reduction in the aggregate amount of net gifts for prior years from the amounts used by decedent in his return for 1934, and involved in his deficiency litigated in , supra, then undecided on appeal, to the amount of those gifts used in recomputing his deficiency under the Board's opinion in the cited case. This reduction consisted of one-half the value of an insurance policy transferred by decedent to an insurance trust. The petitioner, Sarah Campbell Blaffer, accepted the respondent's determination but the decedent filed a petition at Docket number 98054 with the United States Board of Tax Appeal for a redetermination. At the hearing thereon the only issue was the propriety of the mentioned reduction in the amount of that donor's net gifts for prior years. Upon affirmance of , supra, by the , in accordance with a concession of decedent, decision was entered for the respondent. During the years 1936 and 1937 the petitioner, Sarah *36 Campbell Blaffer, and the decedent each made similar and additional gifts to trusts for the benefit of certain of their children. In reporting those gifts for gift tax purposes the donors each took an exclusion for each gift to each trust for each of the two years. Respondent determined deficiencies against each for each of those years. In so doing he reduced the respective net gifts for prior years, as claimed by each donor and as used in computing the 1935 deficiencies, by amount of $10,000 on the ground that the specific exemption of $10,000 as provided by section 505 (a)(1) of the Revenue Act of 1932 had been reduced to $40,000 by the Revenue Act of 1935, section 301 (b), and made retroactively effective in section 301 (c). Respondent also disallowed all but two exclusions to each petitioner for each year. Each donor filed petitions for redetermination with the United States Board of Tax Appeals. The proceeding by Sarah Campbell Blaffer was docketed at number 101033 and that in the case of the decedent, at number 101032. At the consolidated hearing thereof the only issue submitted, and which was raised by the petitions and answers, was the propriety of the above-mentioned actions *37 of the respondent. The United States Board of Tax Appeals determined those issues and directed that decisions be entered under Rule 50, in a Memorandum Opinion entered December 9, 1941. Recomputations were filed and judgments entered in accordance therewith. Only decedent appealed and the judgment of the Board was affirmed in . During the calendar year 1938, the petitioner, Sarah Campbell Blaffer, and the decedent each made net gifts of the value of $59,945.50 from community property. In computing the contested gift tax deficiencies for that year, the respondent determined the net gifts for preceding calendar years in the following amounts: R. L. Blaffer
$474,878.34
Sarah Campbell Blaffer
438,392.63
In Docket No. 110836, respondent in his deficiency notice explains the adjustments in determining net prior gifts as follows: The increase in net gifts for preceding years from $403,758.34, as disclosed in Bureau letter of October 4, 1939, to $474,878.34 is due to various adjustments in your gift tax returns filed for the calendar years 1933 to 1937, inclusive. One exclusion of $5,000.00 previously *38 allowed with respect to the transfer in trust under the trust agreement of December 27, 1933, for the benefit of Joyce Campbell Blaffer is now disallowed. Three exclusions of $5,000.00 each previously allowed with respect to the transfers in trust under the trust agreements of December 28, 1934, for the benefit of Joyce C., Sarah J. and Cecil A. Blaffer are disallowed, and one exclusion of $5,000.00 previously allowed with respect to the addition made on May 29, 1934, to the trust created December 27, 1933, for the benefit of Joyce C. Blaffer is also disallowed. [The exclusion of $5,000.00 allowed with respect to the transfer in trust under the insurance trust agreement of December 29, 1934, is also disallowed, in view of the fact that the gift under said trust agreement constituted a gift of future interest.] Since the transfers in trust, during the calendar year 1935, for the benefit of Sarah J., Cecil A. and Joyce C. Blaffer constituted gifts of future interests three exclusions of $5,000.00 each, previously allowed, are now disallowed, and in view of the fact that the beneficiaries of a trust are the donees for gift tax purposes three $1,000.00 and one $9,000.00 par 20 year Gold *39 Debenture Bonds of Standard Oil Company of New Jersey dated December 15, 1926, which were not included for gift tax purposes for the reason that they did not constitute a gift in excess of $5,000.00 to any one trust, are now included for gift tax purposes, and in view of the fact that you had only a one-half community property interest in said bonds this adjustment results in a further increase for the calendar year 1935 to $6,120.00. With respect to your gift tax returns filed for the calendar years 1936 and 1937 two exclusions of $5,000.00 each, for the benefit of Cecil A. and Joyce C. Blaffer, as disclosed in Bureau letter of October 4, 1939, are disallowed, in view of the fact that the gifts to said beneficiaries in each calendar year constituted gifts of future interests. You will note that the above adjustments for the calendar years 1933 to 1937, inclusive, result in a total increase of $71,120.00, or total net gifts for preceding years of $474,878.34 as determined above. The adjustments for said calendar years for the purpose of arriving at the correct net gifts for preceding years are in accordance with the provisions of Section 513 (g) of the Revenue Act of 1932, as amended, *40 and Article 5 of Regulations 79 relating to gift tax. In Docket No. 110835, the respondent states: The increase in net gifts for preceding years from $372,272.63, as disclosed in Bureau letter of October 4, 1939, to $438,392.63 is due to adjustments in your gift tax returns filed for the calendar years 1933 to 1937, inclusive. Then follow the identical figures and explanations, except as to the matter bracketed, in the above explanation in Docket No. 110836. After completing the explanation of adjustments it states: You will note that the above adjustments for the calendar years 1933 to 1937, inclusive, result in a total increase of $66,120.00, or total net gifts for preceding years of $438,392.63, as determined above. [Opinion] The petitioners, in Docket No. 110836, contend that the respondent is estopped (1) by our former judgment in proceedings docketed to No. 89317 from increasing net gifts by $5,000 in 1933 and $25,000 in 1934; (2) by our former judgment in proceedings docketed to No. 98054 from increasing net gifts in 1935 by the amount of $21,120 and (3) by our former judgment, docketed to No. 101032, from increasing net gifts by $51,120, or in any amount. Petitioners *41 further contend that the respondent is precluded by the statute of limitations from increasing prior net gifts by disallowing the exclusions previously allowed in 1933, 1934 and 1935 in the respective amounts of $5,000, $25,000 and $21,120. The petitioner, in Docket No. 110835, contends that the respondent is estopped (1) by our former judgment in a proceeding docketed to No. 90945 from increasing net gifts by $5,000 in 1933 and $20,000 in 1934; and (2) by the former judgment docketed to No. 101033, from increasing prior net gifts by the sum of $46,120, or in any amount. Petitioner further contends that the respondent is precluded by the statute of limitations from increasing prior net gifts for the year 1935 by the sum of $21,120. The contention of the petitioners that the respondent is precluded by the limitations prescribed in sections 513 (a) and 518 of the Revenue Act of 1932 from increasing net prior gifts is without merit. The only gift taxes involved in the instant proceedings are those for the year 1938. The respondent is not attempting to collect additional taxes for the prior years. The limitation provisions are not applicable to the gift tax liability for the year 1938. *42 ; . The extent, if any, to which the doctrine of res judicata or estoppel by judgment now precludes the respondent from increasing the net prior gifts in fixing the gift tax liabilities of the respective taxpayers for the year 1938, presents solely a question of law. This court, in the recent case of , reviewed the history of the gift tax provisions of the pertinent Revenue Acts and the application of the doctrine of res judicata and estoppel by judgment. We do not deem it necessary to repeat what was there said. Under the principles there announced, we conclude that none of the prior judgments to which reference is hereinabove made estop the respondent from increasing the aggregate net prior gifts of either petitioner as he did in determining the contested deficiencies for 1938, except (1) the judgment entered to Docket No. 89317 does estop respondent from increasing the net prior gifts of the decedent by $5,000 for the year 1933 and by $5,000 for the year 1934, *43 and (2) the judgment entered to Docket No. 90945 estops him from increasing the aggregate of net prior gifts of petitioner, Sarah Campbell Blaffer, by the sum of $5,000 for the year 1933. We therefore hold that, except for those three adjudicated items, respondent's contested action was correct. Decisions will be entered under Rule 50. Footnotes
1. Affirmed on appeal () which did not include the present issue.↩